CARMEN, conocida por HILDA VÁZQUEZ, demandante y recurrente, *v.* SUCN. DE DOMINGO SOTO ALMODÓVAR, demandados y recurridos.

*Número:* R-65-218          *Resuelto:* 27 de junio de 1966

*Carlos D. Vázquez,* abogado de la recurrente; *Carlos García Méndez,* abogado de los recurridos.

Sala Segunda integrada por su Presidente el Juez Asociado Señor Belaval y los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La ilustrada Sala de Mayagüez del Tribunal Superior de Puerto Rico, el día 5 de octubre de 1965, dictó la siguiente sentencia: "1—La demandante de epígrafe nació el día 23 de octubre de 1923 y al radicar la presente demanda el día 27 de noviembre de 1964, dicha demandante tenía cuarenta y un años, un mes y cuatro días de nacida; 2—El causante de los demandados falleció el 26 de marzo de 1962 y la demanda de filiación fue radicada el día 27 de noviembre de 1964, dos años, ocho meses y un día después de fallecido el supuesto padre de la demandante; 3—El artículo 126 del Código Civil de Puerto Rico (31 LPRA 505) establece que las acciones para el reconocimiento de hijos naturales, sólo podrán ejercitarse en vida de los presuntos padres o un año después de su muerte, salvo si el padre o la madre hubiesen fallecido durante la menor edad del hijo, en cuyo caso éste podrá deducir la acción antes de que transcurran los primeros cuatro años de su mayor edad; 4—En el presente caso la demandante al radicar su acción de epígrafe había cumplido su mayoría de edad hacía veinte años, o sea, el plazo de cuatro años después de ser mayor de edad había transcurrido con exceso y la acción la radicó no dentro del año del fallecimiento de su supuesto padre, sino dos años, ocho meses y un día después de fallecido. Cuando una demanda de filiación demuestra de su propia faz que el pleito no se radicó o instó en tiempo, la defensa de prescripción puede alegarse o interponerse mediante noción de desestimación." Por los fundamentos de hecho y de derecho consignados anteriormente se dictó sentencia declarando sin lugar la demanda por estar prescrita la acción.

En su recurso de revisión ante este Tribunal la demandante recurrente señala la comisión de los siguientes errores:

*"Uno*: Erró el Tribunal Superior al aplicar a este caso las disposiciones del artículo 126 del Código Civil, ya que éstas, según su claro texto, límitan el término de los hijos naturales y no el de los adulterinos, a reclamar su filiación. *Dos*: El Tribunal 'A Quo' cometió error al no resolver que la acción filatoria de la demandante, por ser una hija adulterina y no tener un término especial de prescripción, caduca, conforme a las prescripciones del artículo 1864 del Código Civil, a los quince años a partir de la fecha en que por primera vez, desde su nacimiento, se le reconoció el derecho a su filiación y a participar en los bienes de la herencia de su padre. *Tres*: Erró el Tribunal de Primera Instancia al no decidir que el artículo 126 del Código Civil resulta inconstitucional al establecer un discrimen a favor de los hijos legítimos cuando fija un término más corto para reclamar su filiación a los hijos naturales o adulterinos, que el que concede la ley a los primeros para idéntico fin."*

1-3—El Art. 126 del Código Civil de Puerto Rico es de aplicación general a todos los hijos nacidos fuera de matrimonio desde el año 1942, bien sean naturales o adulterinos, porque aun antes de la reforma constitucional de 1952, en virtud de la Ley Núm. 229 de 12 de mayo de 1942, según enmendada por la Ley Núm. 243 de 12 de mayo de 1945, fueron declarados hijos naturales todos los hijos nacidos fuera de matrimonio, independientemente de que sus padres hubieran podido o no contraer matrimonio entre ellos al momento de la concepción de dichos hijos.

El Art. 126 del Código Civil de Puerto Rico no quedó afectado por la Constitución de Puerto Rico de 1952, porque dicho artículo no añade ni quita derecho de clase alguna a la condición de los hijos nacidos dentro de matrimonio o fuera de matrimonio. Simplemente establece un término de caducidad para el derecho potestativo del hijo nacido fuera de matrimonio a establecer su filiación. Dejar a voluntad del hijo su reconocimiento es una vieja regla del Derecho Civil universal. No siempre el reconocimiento le conviene al hijo

natural o al hijo adulterino, puesto que, tal declaración genera, por igual, derechos y obligaciones. Recuérdese que cuando se trata de un menor, el mismo no puede ser reconocido sin la intervención del Fiscal de la Sala de Relaciones de Familia, y si se trata de un mayor de edad, el segundo no puede ser reconocido sin su consentimiento (Art. 125 del Código Civil nuestro). Recuérdese además, que cuando se trata de hijos legítimos generalmente lo que hay es una impugnación de paternidad, supuesto del Art. 117 del Código Civil nuestro, y no una declaración de paternidad.

En cuanto a la naturaleza, efectos y aplicación del principio de caducidad a las acciones de filiación de acuerdo con el Art. 126 del Código Civil de Puerto Rico, nada tenemos que añadir al estudio detallado de la cuestión que hicimos en el caso de *Ortiz Rivera* v. *Sucn. González Martínez*, 93 D.P.R. 562 (1966). No habiéndose cometido los errores señalados:

*Debe confirmarse la sentencia dictada.*

El Juez Asociado Señor Hernández Matos radicará en tiempo oportuno un voto explicativo.